HOFMANN & SCHWEITZER
Attorneys for Plaintiff
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RICHARD DOWNING,

                              Plaintiff,

                -against-

TAPPAN ZEE CONSTRUCTORS, LLC,
TRAYLOR BROS, INC., *in personam,* and
the Tug PROSPECTOR and the MATERIAL
BARGE, their tackle and appurtenances, etc,
*in rem.*
                             Defendants.
-----------------------------------------------------------------------x

**COMPLAINT CIVIL
AND ADMIRALTY
IN PERSONAM
AND IN REM**

**JURY TRIAL DEMANDED**

Plaintiff, complaining of the defendants, states, upon personal knowledge and information and belief, as follows:

**JURISDICTION**

1. The jurisdiction of this Court over this matter arises under and by virtue of the Jones Act, 46 U.S.C. §30104, the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. §1333 and the rules of pendant jurisdiction. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

## THE PARTIES

2. Plaintiff, RICHARD DOWNING is and at all times relevant herein was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. §30104.

3. At all times hereinafter mentioned, on or about July 8, 2015 and at all times material hereto the plaintiff, RICHARD DOWNING was performing the duties of a seaman.

4. Defendant TAPPAN ZEE CONSTRUCTORS, LLC (hereinafter "TZC") is a foreign limited liability company which does business in the state of New York and within the jurisdiction of this Honorable Court.

5. Defendant TRAYLOR BROS., INC. (hereinafter "TRAYLOR") is a foreign business corporation which does business in the state of New York and within the jurisdiction of this Honorable Court.

6. On or about July 8, 2015 and at all times material hereto, TZC owned the Tug PROSPECTOR and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

7. On or about July 8, 2015 and at all times material hereto, TZC operated the Tug PROSPECTOR.

8. On or about July 8, 2015 and at all times material hereto, TZC possessed the Tug PROSPECTOR.

9. On or about July 8, 2015 and at all times material hereto, TZC maintained the Tug PROSPECTOR.

10. On or about July 8, 2015 and at all times material hereto, TZC managed the Tug PROSPECTOR.

11. On or about July 8, 2015 and at all times material hereto, TZC controlled the Tug PROSPECTOR.

12. On or about July 8, 2015 and at all times material hereto, TZC owned the MATERIAL BARGE and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

13. On or about July 8, 2015 and at all times material hereto, TZC operated the MATERIAL BARGE.

14. On or about July 8, 2015 and at all times material hereto, TZC possessed the MATERIAL BARGE.

15. On or about July 8, 2015 and at all times material hereto, TZC maintained the MATERIAL BARGE.

16. On or about July 8, 2015 and at all times material hereto, TZC managed the MATERIAL BARGE.

17. On or about July 8, 2015 and at all times material hereto, TZC controlled the MATERIAL BARGE.

18. On or about July 8, 2015 and at all times material hereto, TRAYLOR owned the Tug PROSPECTOR and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

19. On or about July 8, 2015 and at all times material hereto, TRAYLOR operated the Tug PROSPECTOR.

20. On or about July 8, 2015 and at all times material hereto, TRAYLOR possessed the Tug PROSPECTOR.

21. On or about July 8, 2015 and at all times material hereto, TRAYLOR maintained the Tug PROSPECTOR.

22. On or about July 8, 2015 and at all times material hereto, TRAYLOR managed the Tug PROSPECTOR.

23. On or about July 8, 2015 and at all times material hereto, TRAYLOR controlled the Tug PROSPECTOR.

24. On or about July 8, 2015 and at all times material hereto, TRAYLOR owned the MATERIAL BARGE and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

25. On or about July 8, 2015 and at all times material hereto, TRAYLOR operated the MATERIAL BARGE.

26. On or about July 8, 2015 and at all times material hereto, TRAYLOR possessed the MATERIAL BARGE.

27. On or about July 8, 2015 and at all times material hereto, TRAYLOR maintained the MATERIAL BARGE.

28. On or about July 8, 2015 and at all times material hereto, TRAYLOR managed the MATERIAL BARGE.

29. On or about July 8, 2015 and at all times material hereto, TRAYLOR controlled the MATERIAL BARGE.

30. Venue is properly placed in the United States District Court for the Southern District of New York since the defendants maintain their place of business here, the incident occurred here, many of the witnesses are located here, and this is the most convenient

place for the trial

## FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE AND UNSEAWORTHINESS

31. At all times hereinafter mentioned, on or about July 8, 2015 and at all times material hereto the plaintiff, RICHARD DOWNING was working as a seaman employed by TZC.

32. On or about July 8, 2015, plaintiff was assigned to the Tug PROSPECTOR and was performing his duties as a seaman at the rate of pay and for the term set forth in his employment agreement with TZC.

33. On or about July 8, 2015, the Captain of the Tug PROSPECTOR ordered plaintiff and a fellow crew member of the Tug to board the MATERIAL BARGE and subsequently, the Tug PROSPECTOR pushed the MATERIAL BARGE towards a mooring in the Hudson River.

34. On or about July 8, 2015, the Captain of the Tug PROSPECTOR, while plaintiff and a fellow crew member were aboard the MATERIAL BARGE, negligently pushed the MATERIAL BARGE directly into the path of a violent storm.

35. On or about July 8, 2015, the Captain of the Tug PROSPECTOR caused plaintiff to perform his duties in unsafe and hazardous weather conditions while he was aboard the MATERIAL BARGE.

36. On or about July 8, 2015, plaintiff was in the employ of defendant TZC, as a member of the crew of the Tug PROSPECTOR pursuant to orders, with the consent and knowledge of defendants and while in the performance of his duties on the MATERIAL BARGE, in furtherance of the vessel owners' business, and while the

vessels were in navigable waters of the Hudson River, plaintiff, because of the unsafe and unseaworthy conditions on the vessels and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder.

37. On or about July 8, 2015, plaintiff as a member of the crew of the Tug PROSPECTOR and pursuant to orders of the Captain of the Tug PROSPECTOR, was required to handle heavy mooring lines in an unsafe manner, with insufficient assistance and equipment, and in unsafe and hazardous weather and conditions, with the consent and knowledge of defendants.

38. Defendants had a non-delegable duty to provide plaintiff with a safe place to work and to provide prompt and proper medical attention.

39. Solely by reason of the negligence of the defendants, jointly and severally, and the unseaworthiness of the vessels as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his upper back and spinal cord which led to paralysis, he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a

loss of earnings.

40. Plaintiff's injuries were caused by the negligence of the defendants and that of their agents, servants, workmen and employees and by the unseaworthiness of the vessels owned by defendants.

41. The defendants, their agents, agents, servants and/or employees were reckless, careless negligent in failing to have seaworthy vessels; in failing to have efficient and sufficient personnel; in failing to have proper training; in failing to have proper communication; in failing to have proper equipment; in requiring plaintiff to perform his duties in a manner which exposed him to hazards; in creating a hazard and a nuisance; in failing to warn of any dangers; in violating its internal rules and regulations; in violating applicable regulations and industry standards; in failing to provide the plaintiff with a safe place to work; and defendants were otherwise reckless, careless and negligent.

42. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

**SECOND CAUSE OF ACTION - JONES ACT NEGLIGENCE FOR FAILURE TO PROVIDE PROMPT AND PROPER MEDICAL CARE**

43. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

44. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

45. After plaintiff became seriously injured while performing his duties on or about July 8, 2015, defendants had a duty to provide him with the prompt and appropriate care

that his serious condition required.

46. After plaintiff became seriously injured on or about July 8, 2015, defendants had a duty to take all reasonable steps to ensure that plaintiff receive proper care and treatment.

47. After plaintiff became seriously injured on or about July 8, 2015, the Captain of the Tug PROSPECTOR failed to promptly call for medical assistance.

48. After plaintiff became seriously injured on or about July 8, 2015, the Captain of the Tug PROSPECTOR failed to promptly take plaintiff to shore.

49. After plaintiff became seriously injured on or about July 8, 2015, the Captain of the Tug PROSPECTOR kept plaintiff on board while he used the Tug PROSPECTOR to move another barge.

50. After plaintiff became seriously injured on or about July 8, 2015, plaintiff was eventually transferred from the Tug PROSPECTOR to a crew boat so he could be brought to shore. When plaintiff was transferred from the Tug to the crew boat defendants failed to take spinal precautions. No efforts were made to stabilize plaintiff's spine and no neck collar or back board was used.

51. After plaintiff became seriously injured on or about July 8, 2015, plaintiff was transferred from the crew boat to shore. When plaintiff was transferred from the crew boat to shore, defendants failed to take spinal precautions. No efforts were made to stabilize plaintiff's spine and no neck collar or back board was used.

52. After plaintiff became seriously injured on or about July 8, 2015, defendants breached their duty and negligently failed to take all reasonable steps to ensure that

plaintiff receive prompt, appropriate, proper care and treatment.

53. Defendants' negligent failure to take all reasonable steps to ensure that plaintiff receive prompt, appropriate, proper care and treatment caused further injury to plaintiff and/or aggravated and/or exacerbated his serious injuries.

54. Defendants' are liable to plaintiff for their failure to take all reasonable steps to ensure that plaintiff receive prompt, appropriate, proper care and for causing further injury to plaintiff.

55. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

56. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

### THIRD CAUSE OF ACTION - MAINTENANCE AND CURE

57. Plaintiff claims of the defendants maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

58. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

59. The jurisdiction of this Court over this third cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

60. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid and/or unprovided.

61. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

62. After plaintiff became seriously injured on or about July 8, 2015, defendants had a duty to provide him with the prompt and appropriate care that his serious condition required.

63. After plaintiff became seriously injured on or about July 8, 2015, defendants had a duty to take all reasonable steps to ensure that plaintiff receive proper care and treatment.

64. After plaintiff became seriously injured on or about July 8, 2015, defendants breached their duty and negligently failed to take all reasonable steps to ensure that plaintiff receive prompt, appropriate, proper care and treatment.

65. Defendants' negligent failure to take all reasonable steps to ensure that plaintiff receive prompt, appropriate, proper care and treatment caused further injury to plaintiff and/or aggravated and/or exacerbated his serious injuries.

66. Defendants' are liable to plaintiff for their failure to take all reasonable steps to ensure that plaintiff receive prompt, appropriate, proper care and for causing further injury to plaintiff.

67. All and singular, the premises contained in the third cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1. That a warrant of arrest issue against the Tug PROSPECTOR, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That a warrant of arrest issue against the MATERIAL BARGE, her engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

3. That citation issue against defendants TZC, TRAYLOR, the Tug PROSPECTOR and the MATERIAL BARGE to appear and answer all the matters aforesaid;

4. That this Honorable Court enter judgment for plaintiff in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

5. That the said vessels, their boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

6. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York
February 12, 2016

HOFMANN & SCHWEITZER
Attorneys for Plaintiff

By: _____
Timothy F. Schweitzer (TS2167)
360 W. 31st Street, Ste. 1506
New York, New York 10001
Tel: 212-465-8840