UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD DOWNING,
              Plaintiff,

v.

TAPPAN ZEE CONSTRUCTORS, LLC,
PHELPS MEMORIAL HOSPITAL,
NORTHWELL HEALTH, INC., BARUCH
BERZON, M.D., SANDA CARNICIU, M.D.,
THOMAS LEE, M.D., and WESTCHESTER
COUNTY HEALTHCARE CORP.,
              Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 1114 (VB)

Briccetti, J.:

    Plaintiff Richard Downing brings this action against defendants Tappan Zee Constructors, LLC ("TZC"), Phelps Memorial Hospital, Northwell Health, Inc., Baruch Berzon, M.D., Sanda Carniciu, M.D., Thomas Lee, M.D., and Westchester County Healthcare Corp. ("WCHC"), asserting claims sounding in maritime law, negligence, and medical malpractice.

    Now pending is WCHC's motion pursuant to Rule 12(b)(6) to dismiss the third amended complaint as against WCHC and to dismiss the cross-claim filed by TZC against WCHC. (Doc. #91).

    For the following reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1333, and 1367(a).

1

**BACKGROUND**

For the purpose of deciding the pending motion, the Court accepts as true all well pleaded factual allegations in the third amended complaint ("TAC"), as summarized below.

Plaintiff worked as a seaman aboard the Tug Prospector (the "tug") at the Tappan Zee Bridge construction site on the Hudson River. On July 8, 2015, the tug captain told plaintiff to board the Material Barge (the "barge") to help move the barge to a mooring. While handling heavy mooring lines, plaintiff injured his back and spinal cord. Plaintiff was transferred from the barge to a crew boat to be taken ashore. Plaintiff was treated on shore and then transferred to Phelps Memorial Hospital. While at Phelps, plaintiff became paralyzed from the waist down. Because Phelps could not perform the emergency spinal surgery plaintiff required, he was transferred to Westchester County Medical Center ("WCMC"), owned and operated by WCHC, a "quasi-municipal corporation." (TAC ¶ 129).

Plaintiff arrived at WCMC at 9:53 p.m. on July 8, 2015. WCMC performed an MRI on plaintiff on July 9 at 12:31 a.m. and subsequently transferred him to the orthopedic unit at 4:56 a.m. Plaintiff underwent spinal surgery shortly thereafter, but remained paralyzed.

Plaintiff alleges the time delay between his arrival at WCMC and his surgery caused or contributed to his permanent paralysis.

Plaintiff commenced this action on February 12, 2016, by filing a complaint against TZC, Traylor Bros., Inc., the tug, and the barge.[1] Plaintiff filed an amended complaint on May 27, 2016, to add claims for negligent medical care. Plaintiff filed a second amended complaint on October 11, 2016, adding Phelps Memorial Hospital, Northwell Health, Inc., Berzon, Carniciu, and Lee as defendants.

---

[1] On November 13, 2017, Traylor Bros., Inc., the tug, and the barge were dismissed from this case by stipulation and order. (Doc. #130).

On September 30, 2016, plaintiff commenced a separate action in Supreme Court, Westchester County, seeking leave to serve a late notice of claim on WCHC. On January 23, 2017, Justice Joan B. Lefkowitz issued an order stating, "plaintiff has deemed timely filed a Notice of Claim in proper statutory form and served nunc pro tunc." (TAC ¶ 130).

On February 23, 2017, plaintiff filed the third amended complaint, which added WCHC as a defendant. In the third amended complaint, plaintiff alleges "[t]hat thirty (30) days or more have elapsed since the deemed timely service of the Notice of Claim has expired [sic], that no demand for statutory hearing has been made, that no settlement or adjustment of the within claim has been made and that all statutory conditions precedent to the commencement of this action has [sic] been fulfilled." (TAC ¶ 131).

## DISCUSSION

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Under New York law, which governs when federal subject matter jurisdiction exists by way of diversity, the statute of limitations is an affirmative defense, and the burden is on defendants to show plaintiff's claims are untimely. Bano v. Union Carbide Corp., 361 F.3d 696, 707–10 (2d Cir. 2004). Defendants generally meet this burden by demonstrating when the causes of action accrued. St. John's Univ. v. Bolton, 757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010). Because the burden lies with defendants, "[t]he pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007). On a Rule 12(b)(6) motion, the Court may only dismiss an action based on the statute of limitations if, on the face of the complaint, it is clear the claim is untimely. Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999). For a defendant's statute of limitations argument to succeed, the plaintiff must "plead[ ] itself out of court." In re marchFIRST Inc., 589 F.3d 901, 904–05 (7th Cir. 2009).

For medical malpractice claims, the cause of action accrues on the date of the alleged negligent act or omission. Matter of Daniel J. v. New York City Health & Hosps. Corp., 77 N.Y.2d 630, 634 (1991).

II.     Plaintiff's Claim Against WCHC

WCHC argues plaintiff's claim against it is time-barred.

The Court agrees.

4

A.  Applicable Statute of Limitations

The parties disagree on which statute of limitations applies to the claim against WCHC. However, the Court need not decide which law applies because it concludes the claim is time-barred under either one.

Under both the New York General Municipal Law § 50-i(1)(c) and the New York Public Authority Law § 3316(1)(c), an action against a municipality for personal injury sounding in negligence "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."

Under CPLR § 204(a), the statute of limitations is tolled while a petition for leave to serve a late notice of claim is pending. See Campbell v. City of New York, 4 N.Y.3d 200, 203 (2005) (collecting cases).

Here, the alleged injury occurred, at the latest, on July 9, 2015, the date plaintiff underwent spinal surgery. One year and eighty-three days later, on September 30, 2016, plaintiff filed a verified petition for leave to serve a late notice of claim. (Ryu Decl. Ex. A, at 5). That filing tolled the statute of limitations, of which seven days remained.

The statute of limitations began to run again when Justice Lefkowitz granted the petition to serve a late notice of claim on January 23, 2017. The statute of limitations expired seven days later, on January 30, 2017. Plaintiff filed the third amended complaint, in which he first named WCHC as a defendant, on February 23, 2017, twenty-four days too late.

B.  Thirty-Day Pleading Requirement

The parties dispute whether the pleading requirements in General Municipal Law § 50-i(1)(b) and Public Authority Law § 3316(1)(b) toll the statute of limitations. This issue has no

bearing on plaintiff's timeliness, however, because the late notice of claim was deemed timely served nunc pro tunc.

Both General Municipal Law § 50-i(1)(b) and Public Authority Law § 3316(1)(b) require a plaintiff to allege in the complaint that at least thirty days have elapsed since the service of a notice of claim pursuant to General Municipal Law § 50-e. And General Municipal Law § 50-e(1)(a) provides that a "notice of claim shall . . . be served . . . within ninety days after the claim arises."

Plaintiff argues he was required to wait thirty days after Justice Lefkowitz granted the petition to serve a late notice of claim, in order to comply with the thirty-day pleading rule.

That waiting period was not necessary.

Justice Lefkowitz's January 23, 2017, order explicitly deemed the notice of claim "timely served nunc pro tunc," meaning it was retroactively deemed served no later than ninety days after the July 9, 2015 injury, i.e., by October 7, 2015. (Ryu Decl. Ex. C at 2). Thus, on the day Justice Lefkowitz issued the order, plaintiff could have truthfully pleaded that more than thirty days had elapsed since the notice of claim was served on WCHC.

Accordingly, plaintiff's claim against WCHC is dismissed as time-barred.

Because there was no need to wait thirty days properly to plead, the Court need not determine whether that pleading requirement tolls the one year and ninety day statute of limitations under either General Municipal Law § 50-i(1)(c) or Public Authority Law § 3316(1)(c). In any event, plaintiff has cited no authority for the proposition that the thirty-day pleading requirement does toll the statute of limitations under either of these statutes.

III.     TZC's Cross-Claim Against WCHC

WCHC argues that if plaintiff's claim against it is dismissed, the Court must also dismiss TZC's cross-claim against WCHC.

The Court disagrees.

A cross-claim, once properly made, does not require dismissal when the defendant to whom it was addressed ceases to be a co-defendant. Lipford v. New York Life Ins. Co., 2003 WL 21313193, at *3–*4 (S.D.N.Y. June 9, 2003) (collecting cases).

Accordingly, the cross-claim brought by TZC against WCHC may proceed.

## CONCLUSION

Defendant WCHC's motion to dismiss the third amended complaint against it is GRANTED. Defendant WCHC's motion to dismiss the cross-claim filed against it by TZC is DENIED.

The Clerk is instructed to terminate the pending motion. (Doc. #91).

Dated: November 13, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge