UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD DOWNING,                                :
                Plaintiff,                         :
                                                :
v.                                              :    **MEMORANDUM OPINION
                                                :    AND ORDER**
TAPPAN ZEE CONSTRUCTORS, LLC,                   :
PHELPS MEMORIAL HOSPITAL,                       :    16 CV 1114 (VB)
NORTHWELL HEALTH, INC., BARUCH                  :
BERZON, M.D., SANDA CARNICIU, M.D.,             :
and THOMAS LEE, M.D.,                           :
                Defendants.                        :
--------------------------------------------------------------x

Briccetti, J.:

By letter-motion dated October 15, 2018, plaintiff's counsel requested a pre-motion conference pursuant to Local Rule 37.2 to preclude the October 11, 2018, report by defendant Tappan Zee Constructors's ("TZC") liability expert Patrick L. Johnsen (the "Johnsen report"). (Doc. #196). The Court deferred its ruling and directed TZC's counsel to respond (Doc. #198) and plaintiff's counsel to further reply (Doc. #203). After reviewing those written submissions, the Court directed the parties to submit four relevant underlying expert reports: (i) Dr. Stephen Conway's supplemental report dated June 3, 2018 (the "June 3 Conway supplemental report"); (ii) Robert White's Weather Guidance Report dated July 21, 2018 (the "July 21 White report"); (iii) Stephen A. Richter's supplemental report dated July 25, 2018 (the "July 25 Richter supplemental report"); and (iv) the Johnsen report. (Doc. #204).

For the reasons set forth below, (i) the Court will not preclude the Johnsen report, and (ii) plaintiff's request for a pre-motion conference is DENIED.

1

## BACKGROUND

Plaintiff Richard Downing brings this action against defendants TZC, Phelps Memorial Hospital, Northwell Health, Inc., Baruch Berzon, M.D., Sanda Carniciu, M.D., and Thomas Lee, M.D., asserting claims sounding in maritime law, negligence, and medical malpractice.

The instant dispute concerns the scope of the Johnsen report by TZC's expert witness. The relevant background is set forth below.

On April 20, 2018, plaintiff timely produced the report of its expert Stephen Richter (the "April 20 Richter report"). On May 21, 2018, defendants timely produced their expert reports.

On June 7, 2018, however, plaintiff produced the June 3 Conway supplemental report <u>after</u> the agreed-upon production deadline. In response, on June 12, 2018, TZC moved by letter-motion for a pre-motion conference to preclude the June 3 Conway supplemental report as untimely. (Doc. #161).

The Court discussed plaintiff's expert's supplemental report at an in-person conference on July 11, 2018, and permitted all defendants to serve a supplemental expert report by October 11, 2018, to address "the new opinions raised by plaintiff's experts' 'addenda.'" (Doc. #188). After the Court's July 11 Order, however, plaintiff produced additional materials, including the July 21 White report and the July 25 Richter supplemental report.

On October 11, 2018, pursuant to the Court's July 11, 2018, Order, TZC produced the Johnsen report.

## DISCUSSION

Plaintiff's counsel argues the Johnsen report should be precluded, because it is responsive to the April 20 Richter report, not to any "new opinions" in plaintiff's supplemental expert reports. Therefore, plaintiff's counsel maintains, the Johnsen report should have been produced by the May 21, 2018, deadline.

The Court disagrees.

Rule 26(e) requires a supplemental disclosure or report when the party who made the prior disclosure "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." An expert is not permitted to file a supplemental disclosure unless it relies on information "previously unknown or unavailable." Lidle v. Cirrus Design Corp., 2009 WL 4907201, at *6 (S.D.N.Y. Dec. 18, 2009). By only allowing supplemental disclosures that rely on previously unknown or unavailable information, Rule 26(e) ensures "experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig., 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017).

Plaintiff's counsel produced at least three supplemental disclosures after the agreed-upon production deadline: the June 3 Conway supplemental report; the July 21 White report; and the July 25 Richter supplemental report, which was produced pursuant to Rule 26(e). Because the July 25 Richter supplemental report was produced pursuant to Rule 26(e), it should have relied on information "previously unknown or unavailable." Lidle v. Cirrus Design Corp., 2009 WL 4907201, at *6. Plaintiff's counsel now appears to argue the July 21 White report and the July 25 Richter supplemental report merely "reaffirmed" the earlier conclusions in the April 20 Richter report, and therefore, include no new opinions.

Plaintiff's counsel cannot have it both ways. The parties agree the Johnsen report is responsive to the July 25 Richter supplemental report. Therefore, either the July 25 Richter supplemental report properly relied on previously unknown or unavailable information and included new opinions, making TZC's Johnsen report an appropriate and timely rebuttal; or the

3

July 25 Richter supplemental report was improper, and there is no prejudice in allowing TZC to respond to a report already in the record.

## CONCLUSION

Accordingly, the Johnsen report shall be not precluded, and plaintiff's request for a pre-motion conference is DENIED.

Dated: November 19, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge