UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD DOWNING,                              :
               Plaintiff,              :
v.                                            :
                                            :   **ORDER**
PHELPS MEMORIAL HOSPITAL,                     :
NORTHWELL HEALTH INC., BARUCH                 :   16 CV 1114 (VB)
BERZON, M.D., SANDRA CARNICIU, M.D.,          :
and THOMAS LEE, M.D.                          :
               Defendants.            :
--------------------------------------------------------------x

       On February 12, 2016, plaintiff Richard Downing commenced this action against defendants Tappan Zee Constructors, LLC, Traylor Bros., Inc, The Tug Prospector, and The Material Barge (the "Maritime Defendants"). (Doc. #1). In the complaint, plaintiff alleged subject matter jurisdiction pursuant to the Jones Act, 46 U.S.C. § 30104 and the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. § 1333. (Doc. #1).

       On October 11, 2016, and February 23, 2017, plaintiff amended his complaint to include medical malpractice claims against defendants Phelps Memorial Hospital, Northwell Health, Inc., Baruch Berzon, M.D., Sandra Carniciu, M.D., and Thomas Lee, M.D. (collectively the "Medical Defendants"). (Docs. #39, 77). In plaintiff's third amended complaint ("TAC"), he alleged subject matter jurisdiction over the Maritime Defendants pursuant to the Jones Act and 28 U.S.C. § 1333 and supplemental jurisdiction over the Medical Defendants for his medical malpractice claims pursuant to 28 U.S.C. § 1367. (Doc. #77 ("TAC") ¶ 1). He also alleged jurisdiction "over the seventh cause of action . . . by virtue of this Court's diversity jurisdiction." (TAC ¶ 2).[1]

       In their answers to the TAC, Northwell Health and Phelps Memorial Hospital denied whether the Court had subject matter jurisdiction. (See Docs. #81, 82 at ¶¶ 2, 30).

       On February 3, 2020, the parties submitted and the Court so ordered a stipulation of discontinuance with prejudice as to plaintiff and Tappan Zee Constructors (Doc. #302), and a stipulation of discontinuance with prejudice as to cross claims between Tappan Zee Constructors, LLC and the Medical Defendants. (Doc. #303).[2] Thus, plaintiff's claims pursuant to the Jones Act and 28 U.S.C. § 1333 are no longer proceeding.

---

[1]     The seventh cause of action was for medical malpractice against the Medical Defendants. (TAC ¶¶ 112–125).

[2]     Defendants Traylor Bros., Inc, The Tug Prospector, and The Material Barge had previously been terminated from the case. (See Docs. ## 130, 188).

1

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in which the court has original jurisdiction, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996). Whether to exercise jurisdiction is within the discretion of the district court. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635 (2009) ("With respect to supplemental jurisdiction, a federal court has subject-matter jurisdiction over specified state-law claims, see §§ 1367(a), (c), and its decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Accordingly, it is HEREBY ORDERED:

1. Plaintiff shall submit a letter to the Court, not to exceed ten pages, explaining its position respecting subject matter jurisdiction by April 17, 2020.

2. The Medical Defendants may submit a joint response, not to exceed ten pages, explaining their position respecting subject matter jurisdiction by May 1, 2020. In their letter, the Medical Defendants shall note any disagreements among the defendants on the issue of subject matter jurisdiction.

Dated: April 3, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge