```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD DOWNING,                           :
                     Plaintiff,            :    MEMORANDUM
v.                                         :    OPINION AND ORDER
                                           :
THOMAS LEE, M.D.,                          :    16 CV 1114 (VB)
                     Defendant.            :
--------------------------------------------------------------x
```

Briccetti, J.:

This case has a tentative trial date of May 23, 2022.  (Doc. #361).

Now pending are (i) plaintiff's motion in limine to preclude defendant from using deposition testimony of two experts, Dr. Michael Murphy and Dr. Stephen Conway, on defendant's direct case at trial (Doc. #344); and (ii) defendant's motion in limine to preclude plaintiff from using Dr. Bruce Tranmer as his expert at trial.  (Doc. #348).

For the reasons set forth below, plaintiff's motion is GRANTED and defendant's motion is DENIED.

## BACKGROUND

Plaintiff worked as a deckhand aboard the tug Prospector at the Tappan Zee Bridge construction site.  He was injured on site on July 8, 2015, and he was transferred to Phelps Memorial Hospital and then to Westchester Medical Center for care.  The only remaining defendant in the case is Dr. Thomas Lee, who was the on-call neurosurgeon at Phelps Memorial Hospital the day of plaintiff's injuries.

Plaintiff, who is paralyzed, asserts a claim of medical malpractice against Lee.

## DISCUSSION

I.    <u>Plaintiff's Motion</u>

Plaintiff contends defendant has not demonstrated Dr. Murphy's or Dr. Conway's deposition testimony should be permitted at trial in lieu of their live testimony.

The Court agrees.

Live testimony is strongly preferred over deposition testimony at trial because it permits the fact finder "to observe the demeanor of the witness." <u>United States v. Int'l Bus. Machs. Corp.</u>, 90 F.R.D. 377, 381 (S.D.N.Y. 1981); <u>accord</u> Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."). To use deposition testimony on direct in lieu of live testimony, a party must demonstrate that one of the exceptions set out in Rule 32 of the Federal Rules of Civil Procedure applies:

> <u>Unavailable Witness.</u> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

2

Defendant asserts Dr. Murphy and Dr. Conway are both unavailable and thus their deposition testimony should be permitted in lieu of their live testimony.

First, defendant asserts Dr. Conway is unavailable under Rule 32(a)(4)(B) because "Dr. Conway is affiliated with Hartford Hospital, located at 622 Hebron Avenue, Glastonbury, CT, 06033[,] which is 102.7 miles away." (Doc. #347 ¶ 10). Defendant's calculation is not correct. The trial will take place at 300 Quarropas Street, White Plains, New York, which, from Dr. Conway's location, is 77.42 miles "as the crow flies," and 90.15 miles driving distance. See Distance Calculator, https://www.distance.to/622-Hebron-Ave,Glastonbury,CT,06033,USA/300-Quarropas-St,White-Plains,NY,10601,USA (last visited Dec. 16, 2021). Thus, this exception does not apply.

Second, defendant contends Dr. Murphy and Dr. Conway are unavailable under the catchall exception set out in Rule 32(a)(4)(E), that is, the use of their deposition testimony is "in the interest of justice and with due regard to the importance of live testimony in open court." (Doc. #347 ¶ 11). In support, defendant insinuates Dr. Murphy and Dr. Conway were somehow made unavailable by plaintiff because plaintiff decided not to call them at trial. (Id.).

Defendant has not demonstrated that either Dr. Murphy or Dr. Conway is actually unavailable to testify as a defense witness at trial. For example, he has not shown either witness refuses to testify or is beyond the reach of a trial subpoena. See Fed. R. Civ. P. 45(c)(1). In the sole case defendant cites in support of this argument, People v. Geraci, 85 N.Y.2d 359, 369–71 (1995), the prosecution was permitted to introduce the grand jury testimony of a witness at trial because the witness was physically threatened by the defendant and the witness's subsequent testimony was unreliable. There is no suggestion that any remotely similar "exceptional circumstances" exist in this case. Cf. United States v. Stewart, 485 F.3d 666, 670–71 (2d Cir.

3

2007) (prosecution permitted to offer prior witness statements identifying defendant as shooter when trial court concluded defendant murdered the witness to prevent him from testifying at trial). As a result, defendant has not demonstrated this exception applies.

Accordingly, defendant is precluded from introducing the deposition testimony of Dr. Murphy or Dr. Conway on his direct case at trial. However, nothing prevents defendant from presenting their live testimony at trial if he chooses to do so.

II.   Defendant's Motion

Defendant argues plaintiff Dr. Tranmer should be precluded as plaintiff's expert witness at trial because plaintiff did not timely disclose Dr. Tranmer as his expert.

The Court disagrees.

"A party must make [expert] disclosures at the times and in the sequence that the court orders." See Fed. R. Civ. P. 26(a)(2)(D). If a party does not timely disclose an expert, courts may impose sanctions, including the preclusion of the late-disclosed expert, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Olutosin v. Gunsett, 2019 WL 5616889, at *4 (S.D.N.Y. Oct. 31, 2019) ("Although Rule 37(c)(1) is written in mandatory terms, the imposition of sanctions for abuse of discovery is a matter within the discretion of the trial court.").[1]

To determine what sanction to impose, if any, for the untimely disclosure of an expert witness, courts consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

4

possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997). "[P]reclusion is a harsh sanction, and a court must consider less drastic responses before ordering preclusion." In re Gen. Motors LLC Ignition Switch Litig., 2017 WL 2880882, at *5 (S.D.N.Y. July 5, 2017).

Plaintiff disclosed Dr. Tranmer as his intended trial expert when the parties were drafting the joint pretrial order in the summer of 2021, more than three years after the deadline. (Docs. ##134, 136 (plaintiff's expert disclosures due April 20, 2018, defendants' expert disclosures due May 21, 2018)). However, Tappan Zee Constructors, LLC, a former defendant, timely disclosed Dr. Tranmer as its expert on May 18, 2018. (Doc. #353-2).[2] Defendant also received Dr. Tranmer's expert report at that time. (Id.). Dr. Tranmer was deposed on April 12, 2019, and defendant's counsel participated in the deposition. (Doc. #349-4).

While plaintiff does not explain his delay in disclosing Dr. Tranmer as his expert, the Court concludes any error is harmless and will not prejudice defendant.

Defendant argues he was not given a fair opportunity to examine Dr. Tranmer at deposition because he did not realize Dr. Tranmer was an adverse witness. This argument is meritless. Dr. Tranmer's expert report, which defendant received eleven months prior to the deposition, opines defendant "failed to meet the standard of care with respect to his management of Mr. Downing's problem." (Doc. #353-2, at ECF 8).[3] It was clear from this report that Dr. Tranmer's testimony could be adverse to defendant.

---

[2]   In his brief, defendant misstates the date of Dr. Tranmer's disclosure as November 19, 2019. (Doc. #349 ¶ 2).

[3]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Moreover, the trial is tentatively scheduled for May 23, 2022, more than five months away. Defendant has ample time to prepare for Dr. Tranmer's testimony at trial.

Accordingly, because defendant has not shown the "harsh sanction" of preclusion is warranted, his motion to preclude must be denied.

## CONCLUSION

Plaintiff's motion in limine is GRANTED.

Defendant's motion in limine is DENIED.

The Clerk is instructed to terminate the motions. (Docs. ##344, 348).

Dated: December 16, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge